IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ARSEMIO YBARRA JR.,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | A-11-CA-427-SS |
| § | | |
| **RICK THALER, Director, Texas Dept. of** § | | |
| **Criminal Justice-Correctional Inst. Div.** § | | |
| Respondent. § | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 13); Petitioner's response thereto (Document 15) and Petitioner's request for a certificate of appealability. Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 421st Judicial District Court of Caldwell County, Texas, cause

number 2008-206.  Petitioner was charged by indictment with possession of a controlled substance, cocaine.  On December 17, 2007, pursuant to a plea bargain agreement, Petitioner entered a guilty plea and the trial court assessed punishment at twenty-five years imprisonment.  Petitioner's direct appeal was dismissed for want of jurisdiction on October 13, 2009.  Ybarra v. State, No. 03-09-00554-CR (Tex. App. – Austin 2009, no pet.).

Petitioner also challenged his conviction in a state application for habeas corpus relief. Petitioner filed his application on August 10, 2010.  The Texas Court of Criminal Appeals denied Petitioner's state application without written order on the findings of the trial court on May 4, 2011. Ex parte Ybarra, Appl. No. 74,651-01 at cover.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. He was denied reasonably effective assistance of counsel when his attorney failed to competently investigate and litigate his Fourth Amendment claims.  Specifically, counsel failed to:

    a. competently litigate the claim that the affidavit supporting the search warrant presented insufficient indicia of probable cause;

    b. competently litigate the claim that the affidavit supporting the search warrant was stale and bare bones;

    c. competently investigate and present Petitioner's claim of a violation under Franks v Delaware; and

    d. competently litigate Petitioner's Motion to Allow Independent Testing of Evidence;

2. His plea was involuntary because his attorney failed to investigate the law and facts applicable to his case; and

3. His plea bargain and sentence are void because they fail to include a fine as required by the statute.

C.  **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

D.  **Request for Evidentiary Hearing**

Petitioner requests the Court to hold an evidentiary hearing. As explained below, the Supreme Court recently clarified the narrow applicability of the hearing provision, rendering a hearing inappropriate in this case.

## DISCUSSION AND ANALYSIS

A.  **The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court recently had the opportunity to summarize the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. See Harrington v. Richter, 131 S. Ct. 770, 783-85 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Id.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of Supreme Court cases to obtain deference under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on

> a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41. Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The provisions of § 2254(d)(2), which allows the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That sections states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

**B.    Evidentiary Hearing**

Federal habeas review under 28 U.S.C. § 2254(d)(1) asks whether a state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The Supreme Court has recently interpreted this "backward-looking language" to confine habeas review to the record before the state court. Cullen v. Pinholster, ⎯ U.S. ⎯, 131 S. Ct. 1388, 1398 (2011). Section 2254(e)(2) allows an evidentiary hearing in federal court only under narrow circumstances:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> > (A) the claim relies on–

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). As the Court explained in Pinholster, "[t]he focus of that section is . . . on limiting the discretion of federal district courts in holding hearings." 131 S. Ct. at 1401 n. 8 (emphasis added). Section 2254(e)(2) is not, however, meaningless. It remains an important tool in cases where habeas petitioners raise a claim that was not "adjudicated on the merits in State court"— i.e., a claim to which § 2254(d) does not apply. Pinholster, 131 S. Ct. at 1401. The high bar for introducing evidence in a § 2254(d) case accords with "the basic structure of federal habeas jurisdiction," which acknowledges that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington, 131 S. Ct. at 787.

Because the present case, like Pinholster, concerns only claims under § 2254(d)(1), Petitioner is not entitled to a hearing. Therefore, the Court's review of Petitioner's application for habeas corpus relief considers only the state-court record.

**C.    Guilty Plea**

Petitioner challenges the voluntariness of his guilty plea. Petitioner asserts his guilty plea was involuntary because counsel failed to investigate the law and facts of his case, and his attorney's state of unpreparedness prompted Petitioner to enter an involuntary plea.

To be valid, a guilty plea must be voluntary, knowing and intelligent. <u>United States v. Washington</u>, 480 F.3d 309, 315 (5th Cir. 2007). The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." <u>North Carolina v. Alford</u>, 400 U.S. 25, 31, 91 S. Ct. 160 (1970). A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt." <u>Matthew v. Johnson</u>, 201 F.3d 353, 364-65 (5th Cir. 2000). The defendant must also have notice of the charges against him, understand the constitutional protections that he has waived, and have advice from competent counsel. <u>Washington</u>, 480 F.3d at 315 (citation omitted). Furthermore, the defendant must be competent, and the plea must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." <u>Matthew</u>, 201 F.3d at 365 (quoting <u>Brady v. United States</u>, 397 U.S. 742, 750, 90 S. Ct. 1463 (1962)). The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." <u>United States v. Hernandez</u>, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam).

A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." <u>United States v. Broce</u>, 488 U.S. 563, 569, 109 S. Ct. 757 (1989). A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the defendant] committed the crime charged against him." <u>Id.</u> at 570. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings

except claims of ineffective assistance of counsel relating to the voluntariness of the plea. United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann v. Richardson, 397 U.S. 759, 770-71, 90 S. Ct. 1441 (1970).

Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602 (1973); see also U.S. v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002) (holding "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction").

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S. Ct. 1708 (1980) (quoting McMann v. Richardson, 397 U.S. 759, 770-71, 90 S. Ct. 1441 (1970)). "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." Argersinger v. Hamlin, 407 U.S. 25, 34, 92 S. Ct. 2006 (1972). Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment. See Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992). To establish a claim that trial counsel's defective assistance rendered a plea involuntary, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not

have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366 (1985).

There is no evidence in this case that Petitioner did not have a clear understanding of the proceedings against him, the nature of the offense for which he was charged, or the consequences of entering his plea. The record clearly reflects Petitioner was advised the penalty range for his crime was 10-99 years in prison and a fine up to $100,000.00. Ex parte Ybarra, Appl. No. 74,651-01 at 25. At the plea hearing, Petitioner admitted he was satisfied with his attorney's representation. Id. at 27. Petitioner stated he was pleading guilty because he was guilty and for no other reason. Id. at 29. Petitioner admitted he was not threatened to take the plea offer and he was not promised anything other than the plea bargain. Id. In exchange for a plea of guilty to the allegations contained in Cause No. 08-206, the State agreed to a "cap deal" in which the punishment assessed would not exceed 25 years confinement. Id. In addition, the State agreed to dismiss Cause No. 09-090 against Petitioner and Cause No. 09-088 against Petitioner's common-law wife, in which they were each charged with endangerment of a child. Id. at 30. The trial court found Petitioner's plea was freely and voluntarily entered and Petitioner made a knowing waiver of his rights. Id.

In addition, Petitioner's counsel provided an affidavit to the trial court in response to Petitioner's state application for habeas corpus relief. Id. at 7-12. Counsel identified the issues he raised in his Amended Motion to Suppress and discussed the research he conducted on each issue. Id. at 9. Counsel further explained why he believed he could not in good faith file a Franks motion. Id. at 10. The trial court concluded there was no legal basis for the claims by Petitioner that ineffective assistance in anyway had anything to do with his voluntary plea of guilty and subsequent sentencing within the range of the negotiated plea. Id. at 6.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. There is no evidence that Petitioner's plea was not voluntary, knowing and intelligent. Petitioner's guilty plea waived all claims of ineffective assistance of trial counsel preceding the plea as they do not implicate the voluntariness of his guilty plea. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983); Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981).

D.   **Ineffective Assistance of Counsel at Sentencing**

Petitioner also brings a claim that trial counsel was ineffective in failing to competently litigate the issue regarding the purity of the cocaine seized from his residence. Petitioner contends the issue of the purity of the cocaine was a "major issue" at the sentencing hearing and his trial counsel did not competently litigate the issue, resulting in a longer sentence than he would have received otherwise.[1]

Specifically, Petitioner argues that at the sentencing hearing, law enforcement witnesses for the prosecution testified the cocaine had not been cut or diluted and the cocaine was "pure," but his counsel had not investigated and was not prepared to competently cross-examine the prosecution witnesses on this issue. Petitioner asserts counsel has a duty to make reasonable investigations, and his attorney failed to pursue available avenues of investigation in preparation for the sentencing phase, specifically, by failing to contact the forensic scientist at the Texas Department of Public

---

[1] It is unclear that this aspect of the claim was fairly presented in the state court. The Director, however, does not assert that the claim is unexhausted but does "reserve[]" an exhaustion defense to the extent that Petitioner might construe his claims differently than the Director. See Answer at 3. Given the Court's obligation to liberally construe Petitioner's pro se pleadings, the undersigned will consider the claim on the merits as presented.

Safety's lab or make any written requests to the DPS lab as offered by the prosecution. Petitioner further contends the sole evidence as to the purity of the cocaine was testimony regarding the field tests of the drugs seized, and field tests are not trustworthy assessments of the purity of cocaine but are merely cocaine detectors. Petitioner complains counsel was unprepared to cross-examine the police witnesses on the field tests.

Ineffective assistance of counsel claims are analyzed under the well-settled requirements set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064.

For the first requirement, the proper measure of attorney performance is "simply reasonableness under prevailing professional norms." Id. at 688, 104 S. Ct. at 2065.[2] In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-89, 104 S. Ct. at 2064-65. "[A] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

---

[2] The first Strickland requirement of deficient performance applies to claims involving ineffective assistance of counsel during the punishment phase of a non-capital case. See, e.g., Miller v. Dretke, 420 F.3d 356, 364-65 (5th Cir. 2005).

perspective at the time." Id. at 689, 104 S. Ct. at 2065.  Indeed, the Supreme Court has established that counsel should be "'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,'" and cautioned against an "'intrusive post-trial inquiry into attorney performance'" and the "'tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence.'"  Cullen v. Pinholster, – U.S. –, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 688-90, 104 S. Ct. at 2065-66).

For the second requirement, the question is whether there is a reasonable probability that, absent the alleged error, the result of the proceeding would have been different, a question that must be considered in the context of the entire evidence.  Strickland, 466 U.S. at 694-95, 104 S. Ct. at 2068-69.  A reasonable probability is "'a probability sufficient to undermine confidence in the outcome,'" Pinholster, 131 S. Ct at 1403 (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068), which requires a "'substantial,' not just 'conceivable,' likelihood of a different result," id. (quoting Harrington, 131 S. Ct. at 791).  In the state sentencing context, Strickland's second requirement of prejudice involves an inquiry whether, absent counsel's errors, there exists a reasonable probability that the defendant's sentence would have been "significantly less harsh."  Miller, 420 F.3d at 365 n.37. Relevant factors include the defendant's actual sentence, the possible minimum and maximum sentences that could have been imposed, the relative placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances.  Id. at 365.

In addition to the "highly deferential" view that the Court takes of counsel's performance under Strickland, 466 U.S. at 689, 104 S. Ct. at 2065, the Court is also limited in its examination of such claims by the "'deferential lens of § 2254(d).'" Pinholster, 131 S. Ct. at 1404 (quoting Knowles

v. Mirzayance, 556 U.S. –, – n.2, 129 S. Ct. 1411, 1419 n.2 (2009)). In this way, the Court's review of the state habeas court's determination of ineffective assistance claims is "'doubly'" deferential. Harrington, 131 S. Ct. at 788 (quoting Knowles, 129 S. Ct. at 1420). Because both Strickland requirements must be satisfied to demonstrate ineffective assistance, a failure to establish either deficient performance or prejudice makes it unnecessary to consider the other requirement. 466 U.S. at 697, 104 S. Ct. at 2069; Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992). As discussed below, Petitioner's ineffective-assistance claim fails to satisfy Strickland and the AEDPA's prerequisites.

When the state habeas court reviewed this claim, it concluded that: "There was no legal justification for 'independent testing' contrary to assertions by Petitioner, his only complaint to his defense attorney being that in his opinion, that the cocaine was 'of inferior quality.'" Ex parte Ybarra, Appl. No. 74,651-01, Supp. at 5 ¶ 4.[3] Regarding the determination of the length of sentence, the court made the following fact finding:

> The trial court did not exceed the plea agreement cap. The trial court did take into account the large amount of cocaine seized, the location of the cocaine where it was accessible to children, the clear indicia that [Ybarra] was a substantial cocaine dealer, and [Ybarra]'s prior criminal record.

Id. at 5 ¶ 6. The court went on to conclude "[t]here is no legal basis for the claims by Applicant that ineffective assistance of counsel in anyway had anything to do with . . . subsequent sentencing within

---

[3] When there has been one reasoned state judgment rejecting a claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest on the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594-95 (1991). In this case, the Texas Court of Criminal Appeals adopted the trial court's findings and denied relief on this claim. Ex parte Ybarra, Appl. No. 74,651-01 at cover. Because the state trial court issued "the last reasoned opinion" on the matter, this Court "looks through" the Texas Court of Criminal Appeals's order to the habeas trial court's decision. Ylst, 501 U.S. at 803, 111 S. Ct. at 2594.

the range of the negotiated plea." Id. at 6. Petitioner fails to rebut the presumption by clear and convincing evidence that the state court's factual findings were correct. See 28 U.S.C. § 2254(e)(1). Absent such a showing, this Court must give deference to those fact findings. Id.

Petitioner's assertion of prejudice is speculative at best and is undermined by the trial court's fact findings as to the factors that determined the sentence. Petitioner must make a showing that his sentence would have been "significantly less harsh" in light of the relevant factors and circumstances of his particular sentence. Miller, 420 F.3d at 364-65 & n.37. Petitioner's bare assertion that the independent testing of the drugs might have shown different results than the testimony and test results that were presented is speculative. Nothing in the record indicates that independent testing would have assisted the defense. See, e.g., United States v. Nguyen, Nos. 08-2601, 08-3715, 2010 WL 1896416, at *4 (3rd Cir. May 12, 2010) (rejecting ineffective-assistance claim based on failure to obtain an independent analysis of the drug evidence and explaining that "there is no authority to support Nguyen's assertion that counsel was required to do this to provide him with effective representation"); United States v. Anderson, No. CR.A. 00-0259, 2002 WL 1610964, at *4 (E.D. La. July 19, 2002) (rejecting ineffective-assistance claim based on counsel's failure to request a lab report from expert chemists when there was "ample evidence" that the drug material at issue was crack). Moreover, Petitioner utterly fails to address the aggravating factors cited by the trial court of the large amount of cocaine seized, the accessibility of the cocaine to children in the home (which prompted a child endangerment charge that was dropped as part of the plea, see, e.g., Ex parte Ybarra, Appl. No. 74,651-01, Supp. at 35), the evidence that Petitioner was a substantial cocaine dealer, and Petitioner's prior criminal record, all of which stand unrefuted as a reasonable basis for a lengthy sentence.

In addition, there is no indication in the state court's fact findings that the trial court relied on the purity of the cocaine to determine the length of Petitioner's sentence. At sentencing, the trial court specifically cited Petitioner's prior convictions, he had never successfully completed a term of probation, there were obvious trafficking items seized, the drugs were found in close proximity to the children, and Petitioner's story of how he came to possess the drugs was "ludicrous." 1 R.R. at 44-45 (Aug. 4, 2009). The sentencing court did not mention the "purity" of the seized cocaine as a significant factor, instead referring to the large amount of "apparently high-grade cocaine." Id. at 45. The other identified factors supported Petitioner's sentence.

Petitioner does not demonstrate that the state court's adjudication of this Strickland claim involved an unreasonable or contrary application of federal law, or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, and this claim for relief should be denied. See 28 U.S.C. § 2254(d).

**E.     Fine**

Petitioner contends his plea bargain and sentence are void because his sentence failed to include a fine. Petitioner explains "the sentence in this case was pursuant to Section 481.115(f) of the Texas Health and Safety Code," and that statute "establishes punishment for a conviction of possessing a Penalty Group 1 controlled substance weighing 400 grams or more at confinement for life or a term of not more than 99 years or less than 10 years, and a fine not to exceed $100,000." Pet. Memo. at 28-29. Petitioner is correct in that Texas courts of appeal have held that punishment assessed under article 481.115(f) must include both imprisonment and a fine. See Barton v. State, 962 S.W.2d 132, 139 (Tex. App.-Beaumont 1997, pet. ref'd); Young v. State, 922 S.W.2d 676, 678 (Tex. App.-Beaumont 1996, pet. ref'd); Reed v. State, 795 S.W.2d 19, 19 (Tex. App.-Houston [1st

Dist.] 1990, no pet.) (interpreting similarly-worded articles in Health and Safety Code as requiring mandatory fines).  When a defendant's sentence does not contain a mandatory fine in addition to the period of incarceration, the punishment assessed is not authorized by law.  Ex parte Rich, 194 S.W.3d 508, 512 (Tex. Crim. App. 2006).  A sentence outside the statutory punishment range for an offense is void.  Hern v. State, 892 S.W.2d 894, 896 (Tex. Crim. App. 1994).  However, state courts have held a defendant is estopped from challenging the illegal sentence because he accepted the benefits of it.  In Ex parte Shoe, a defendant who had bargained for a sentence that did not include a mandatory fine was held to be estopped from complaining that the sentence was unlawful.  137 S.W.3d 100, 102–03 (Tex. App.-Fort Worth 2004), pet. dism'd, improvidently granted, 235 S.W.3d 782 (Tex. Crim. App. 2007).  In Petitioner's case, the Texas Court of Criminal Appeals denied Petitioner's claim, raised in his state application for habeas corpus relief.

      Petitioner's claim is based upon a violation of state law.  As such, Petitioner does not present a federal constitutional violation, and he is not entitled to habeas corpus relief.  The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow.  A person seeking federal habeas corpus review must assert a violation of a federal constitutional right.  Lowery v. Collins, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S .Ct. 475, 479-80 (1991); West v. Johnson, 92 F.3d 1385, 1404 (5th Cir. 1996).  In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.  Dillard v. Blackburn, 780 F.2d 509, 513 (5th Cir.1986).

## RECOMMENDATION

      It is recommended that Petitioner's application for writ of habeas corpus be denied.

## **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of May, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE